IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JENNIFER WITTE, as Personal Representative of the Estate of NEIL PERCY WITTE, Deceased, </br></br>Plaintiff,</br></br>v.</br></br>(2) DOLESE and DOLESE BROS. CO.,</br></br>Defendant.</br></br>(1) DOLESE BROS. CO., d/b/a DOLESE,</br></br>Third-Party Plaintiff,</br></br>v.</br></br>(2) GREAT AMERICAN INSURANCE COMPANY,</br></br>Third-Party Defendant. | No. CIV-23-1194-R |

**ORDER**

Before the Court is Dolese Bros. Co. Motion to Remand [Doc. 5] the case removed by Third-Party Defendant, Great American Insurance Company [Doc. 1]. Parties have fully briefed the matter [Docs. 13, 16, 19], and it is ripe for adjudication. The Court GRANTS the motion and remands the case to the District Court of Cleveland County, Oklahoma.

I.  **BACKGROUND**

This dispute stems from a wrongful death suit that has already reached judgment in state court. Jennifer Witte, Plaintiff, filed suit on January 14, 2020, against Dolese in the District Court of Cleveland County for the wrongful death of her husband, Neil. Doc. 5:

Mtn. at 1; Doc. 13: Resp. at 1. Dolese was the only named defendant in the suit, but it held multiple liability insurance policies, including one with Great American Insurance Company. *Id.*

Days before trial, Dolese and Witte were close to executing a "High-Low Agreement" that would ensure a recovery for Witte and cap Dolese's (and its insurers') liability at twenty million dollars. Mtn. at 2-3; Resp. at 1-2. The agreement would also disclaim any possibility of punitive damages. *Id.* Dolese sought the approval of its various insurers to enter into this Agreement. *Id.* Dolese's other two insurers agreed to the High-Low; Great American did not consent and provided no rationale for doing so. *Id.* On the Friday before the trial was to begin, Dolese executed the High-Low agreement without the consent of Great American. *Id.*

Following a bench trial, the judge found Dolese liable and awarded Witte a fifty-eight-million-dollar verdict. Mtn. at 3; Resp. at 2. Pursuant to the High-Low Agreement, Dolese was liable for only twenty million dollars. *See id.* Dolese's primary insurance policy through Travelers would pay the first two million of Witte's judgment. *Id.* Great American was to be responsible for the other eighteen million, but the High-Low Agreement prevented Great American from facing an even higher liability. *Id.* The state court entered final judgment in the case on November 8, 2023. *Id.*

Soon, Great American disputed its alleged obligation to Dolese. Hours after the state court judgment, Great American filed a separate action in this Court seeking a declaratory judgment that Dolese had breached its contract with Great American by agreeing to the

High-Low without its consent.[1] Mtn. at 3-4; Resp. at 2-3. Days later, Dolese moved for leave to file a third-party petition in Cleveland County against Great American in the wrongful death case. Mtn. at 4; Doc. 5-7. The judge granted the motion, and Dolese filed the petition, accusing Great American of bad faith and seeking payment of Witte's judgment. Doc. 5-4. Subsequently, Great American filed a Motion to Strike and/or Sever the Third-Party Petition in state court. Doc. 1-6. Prior to the state court ruling on the motion, however, Great American removed the case to this court on December 28, 2023. Doc. 1.

In Great American's Notice of Removal, it states that it is effectively a defendant in a new contractual action between it and Dolese over the payment of Witte's judgment. Doc. 1 at ¶ 9. Due to this, Great American suggests the Court can sever the recent claim, realign parties, and, thus, achieve complete diversity. It urges the Court to exalt substance over form. Dolese, on the other hand, argues the Court must remand the case because Great American is a third-party defendant in a case that commenced years ago in state court. Accordingly, Dolese argues Great American's removal is invalid and out of time.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C.

---

[1] The Court does not address Dolese's Motion to Decline Jurisdiction in Great American's declaratory judgment action at this time. [Doc. 10, 5:23-cv-01013-R].

§ 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The defendant seeking removal bears the burden of demonstrating jurisdictional facts by a preponderance of the evidence. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

Defendant asserts this Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a). "[W]hen federal jurisdiction is based on diversity jurisdiction, the case generally must be removed within '1 year after commencement of the action[.]'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (quoting 28 U.S.C. § 1446(c)(1)).

### III. DISCUSSION

This Motion's outcome largely depends upon how the Court starts its analysis. Dolese posits the analysis can end soon after beginning. It suggests the Court need look no further than the caption of the case. Because Great American is a third-party defendant in a case that commenced over a year ago, removal based on diversity jurisdiction cannot occur. On the other hand, Great American argues that this Court can look past the caption of the state court case to its substance. It asks the Court to interpret Dolese's recent petition as the commencement of a new civil action against Great American, thereby transforming

4

Witte's wrongful death suit into a newly removable contract action between Dolese and itself.

Dolese is correct. The case, as presented to the Court, is non-removable. Generally, third-party defendants are unable to remove cases to federal court. *Home Depot*, 139 S.Ct. at 1749-50. As well, a defendant is unable to remove a case based upon diversity jurisdiction if the case commenced a year prior in state court. 28 U.S.C. § 1446(b); *Lytle v. Lytle*, 982 F. Supp. 671, 673-74 (E.D. Mo. 1997). From the face of the Notice of Removal, it is evident that Great American, a third-party defendant, has removed a case, pursuant to diversity jurisdiction, that was filed in state court in 2020. Thus, the case is non-removable unless the Court can act to cure these two defects. Great American, bearing the burden to establish federal jurisdiction, argues the Court can and should rectify the apparent jurisdictional issues. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Great American urges the Court to do three things to rectify the jurisdictional shortcomings. It argues the Court should (1) find that the third-party petition in Oklahoma state court was improper; (2) sever said claim from the underlying wrongful death action; and (3) realign the parties to reflect their true interests in the new claim. In effect, Great American asks the Court to disregard the case's caption, analyze the removal given the practical reality of the case, and reconfigure the parties and claims so that the Court may properly have jurisdiction. The Court is unable to do all that Great American requires.

First, the Court could realign the parties to the case. Without severing the claim, however, party realignment accomplishes nothing. It is the lower courts' duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City*

*of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (internal quotation omitted). Regardless of how the Court could align the parties, however, the timeliness issue remains. Whether the Court labels Dolese as a defendant or a plaintiff does not change that Dolese seeks to remand a case that commenced over four years ago. *See Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355, 358 (W.D. Ky. 1994) ("[T]he proper interpretation of the phrase 'commencement of the action' turns on the proposition that *cases* are removable, not separate claims and not individual defendants.").[2] Thus, the jurisdictional impediment lies not in party realignment but in the joinder of Dolese's recent claim against Great American with Witte's underlying wrongful death action.

Second, severing Dolese's claim from Witte's case would require this Court to contravene the order of a state court judge in a case over which this Court does not appear to have jurisdiction. It must be noted that the judge in state court issued an order granting Dolese's motion for leave to file a third-party petition in the case [Docs. 1-2, 1-3]. Thereafter, Great American filed a motion in state court to strike or sever the claim from Witte's underlying action [Doc. 1-6]. Before the state court ruled, however, Great American removed the case to this Court. Now, the parties have essentially argued the merits of Great American's motion to sever within their briefing to this Court. To sever the claim, this Court would need to use its power under the Federal Rules of Civil Procedure

---

[2] Prior to an amendment of the law, 28 U.S.C. § 1441(c) allowed defendants to remove a case and sever an individual claim that had diversity jurisdiction from an underlying action that did not. That process is now limited to claims with independent federal question jurisdiction. *See Moss Land & Min. Corp. v. Fid. & Cas. Co. of New York*, CIV-03-AR-845, 2003 WL 21360803 at *3 (N.D. Ala. June 6, 2003) ("Congress answered the question, making it no longer possible to remove an entire case and then to separate the removable from the non-removable.")

or effectively adjudicate the motion filed in state court on its merits. Seeing as the Court does not have subject matter jurisdiction as the case currently stands, it would be *ultra vires* for the Court to rule on a motion filed in state court at this time. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Using the Federal Rules of Civil Procedure to sever the claim is similarly inappropriate. Rule 21 states a "court may also sever any claim against a party." FED. R. CIV. P. 21. However, other courts in similar situations have rejected using Rule 21 to "create jurisdiction where it did not exist at the time the case was [removed]." *TMBERS Prop. Holdings, LLC v. Conte*, 17-CV-494, 2023 WL 3184569 at *11 (N.D. Okla. May 1, 2023). Courts have held that, without jurisdiction, they have "no occasion to consider whether to exercise [their] discretion under Rule 21 to sever the parties and the claims" *Id.* (quoting *Welborn v. Ethicon, Inc.*, 2:22-CV-92, 2022 WL 17600302 at *22 (N.D. Ind. Dec. 12, 2022*), report and recommendation adopted*, 2:22-CV-92, 2023 WL 22161 (N.D. Ind. Jan. 3, 2023)). Moreover, Rule 82 expressly notes that "[t]hese rules do not extend or limit the jurisdiction of the district courts[.]" FED. R. CIV. P. 82. Accordingly, courts have been wary to use Rule 21 to manufacture jurisdiction where none previously existed. *See Echols v. OMNI Medical Grp.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010) (stating that using Rule 21 to sever claims to attain jurisdiction would "constitute an impermissible use of the federal rules[.]").

Great American analogizes the current circumstances to a removable garnishment proceeding to encourage this Court to act. Great American cites to *Thames v. Evanston Ins. Co.*, and other cases to support the proposition that garnishment proceedings are removable

7

as a separate civil action under federal and Oklahoma law. 13-CV-425, 2014 WL 991722 at *2 (N.D. Okla. March 13, 2014). While there are certainly parallels between Dolese's claim and a garnishment proceeding, *see* OKLA STAT. tit. 12, § 1172, the Court is not convinced that Dolese's third-party petition alleging a breach of contract and the duty of good faith can fairly be characterized as such. Given any doubt, removal would be improper. *Fajen*, 683 F.2d at 333. Furthermore, the Court views the dispute over the characterization of Dolese's third-party petition as being at the crux of Great American's Motion to Strike or Sever filed in state court. By allowing removal to proceed on Great American's garnishment theory, this Court would effectively pass judgment on a party's motion without having jurisdiction over the case.

      Two cases from the Tenth Circuit illustrate how federal courts have looked to state courts when deciding how to approach a potentially severable claim against an insurer. In *Nunngesser v. Bryant*, a federal court denied a third-party plaintiff's motion to remand its bad faith claim against its insurer, a third-party defendant. 07-1285, 2007 WL 4374022 (D. Kan. Dec. 7, 2007). Seemingly similar to the instant case, a distinguishing feature was the involvement of the Kansas Supreme Court in prior proceedings in the case. There, the Supreme Court had previously ruled that the insurer could not be the subject of Bryant's third-party complaint in the underlying case; rather, the bad faith claim had to proceed as a separate civil action. *Id.* at *3. Despite that, the state's trial court, on remand, still allowed Bryant to file a third-party claim against the insurer following judgment in the underlying action. *Id.* at *4. The insurer removed the entire case, arguing the court could sever the bad faith claim. *Id.* The federal court agreed and disregarded the trial court's joinder of the

8

claims because "[u]nder these unique circumstances . . . the Supreme Court required the bad faith claim to be brought as a separate action." *Id.* at *7.

A case in New Mexico reached the opposite conclusion. In *Mach v. Triple D Supply, LLC*, Great American faced a comparable situation as a third-party defendant. 773 F. Supp. 2d 1018 (D.N.M. 2011). Great American removed the case from state court, arguing a crossclaim against it was a separate civil action. *Id.* at 1022-23. The federal court rejected the argument and remanded the case. *Id.* at 1047-49. The court found it "noteworthy that . . . the Supreme Court of New Mexico had expressed a preference that matters of insurance coverage be decided by the court considering the underlying action." *Id.* at 1047.

The common thread between *Nunngesser* and *Mach* is the federal court's respect for the state court's directives and preferences. The Kansas Supreme Court, in "unique circumstances[,]" had weighed in on the specific severance issue in that very case. *Nunngesser* at *7. The Supreme Court of New Mexico had stated its policy preference in a previous case. *Mach* at 1047. Here, Oklahoma's Supreme Court has not provided such clear guidance. Thus, the Court finds the interests of comity and federalism are better served by remanding the case to state court for a determination on whether Dolese's third-party petition should be severed from the underlying action.

Fifth Circuit jurisprudence bolsters this conclusion. In its seminal case on the topic, the Fifth Circuit allowed a third-party defendant to remove a case only after a state court had severed the claim against the third party and only when removal did not deprive the plaintiff of his chosen forum. *Cent. of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970). District courts across the Fifth Circuit have applied the *Riegel*

exception strictly; they have consistently remanded cases in which a state court had not yet severed the third-party claim prior to removal. *See e.g.*, *ConocoPhillips Co. v. Turner Indus. Grp., L.L.C.*, CIV-05-516, 2006 WL 213956 at *2 (S.D. Tex. Jan. 24, 2006); *F.L. Crane & Sons, Inc. v. IKBI, Inc.*, 630 F. Supp. 2d 718, 721 (S.D. Miss. 2009); *Interior Cleaning Sys., LLC v. Crum*, CIV-14-0199, 2014 WL 3428932 at *3 (S.D. Ala. July 14, 2014); *Roberson v. Alabama Trucking Ass'n Workers' Comp. Fund*, 11CV933, 2012 WL 4477648 at *2 (M.D. Ala. Sept. 27, 2012); *Scheurich v. Agrico Chem. Co.*, CIV-08-151, 2008 WL 4298449 at *3 (M.D. La. Sept. 16, 2008); *Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 840 F. Supp. 2d 1299, 1304 (M.D. Ala. 2012) ("[Defendant] could only remove the action once the circuit court granted [Plaintiff's] severance motion."). This Court is persuaded to apply the reasoning of *Riegel* to this case and similarly remand this matter to state court for possible severance.

Although Dolese has prevailed on its motion, the Court denies its request to assess costs or fees against Great American. 28 U.S.C. § 1447(c) grants a court discretion as to when an award of fees to the moving party is appropriate when remanding a case. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award [fees] only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here, Great American acted reasonably by removing the case when it did, given the time-bar in 28 U.S.C. § 1441(b)(3). While the case was non-removable on its face, Great American did have a reasonable legal argument for why the case was removable. Therefore, fee-shifting is inappropriate.

## IV. CONCLUSION

There is no apparent subject matter jurisdiction on the face of the Notice of Removal. Therefore, the Court is without subject matter jurisdiction to rule on Great American's motion to sever filed in state court, and it cannot use its power under the Federal Rules to sever Dolese's claim and extend its jurisdiction to this case. As such, Great American can only be characterized as a third-party defendant removing a case that commenced four years prior in state court. Consequently, the Court finds Great American's removal is untimely. Dolese's Motion to Remand [Doc. 5] is GRANTED.

**IT IS SO ORDERED** this 25th day of March.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE